1

2

3

4

5

6                             UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
7                                       AT TACOMA

8    RICHARD LYLE AVERETTE,

9                              Plaintiff,           CASE NO. 3:15-CV-05633-DWC

10           v.                                     ORDER REVERSING AND
                                                   REMANDING DEFENDANT'S
11   CAROLYN W. COLVIN, Acting                     DECISION TO DENY BENEFITS
     Commissioner of Social Security,
12
                               Defendant.
13

14          Plaintiff has filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

15   Defendant's denial of his application for supplemental security income ("SSI") and disability

16   insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local

17   Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate

18   Judge. *See* Dkt. 5.

19          After considering the record, the Court concludes the ALJ erred when he failed to

20   provide a clear and convincing reason supported by substantial evidence for giving little weight

21   to the opinion of examining psychologist Dr. Alysa Ruddell, Ph.D. Had the ALJ properly

22   considered Dr. Ruddell's opinion, the residual functional capacity may have included additional

23   limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded

24

1  pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further

2  proceedings consistent with this Order.

3                                  FACTUAL AND PROCEDURAL HISTORY

4        On March 26, 2012, Plaintiff filed an application for disability insurance benefits and, on

5  October 23, 2012, filed an application for SSI benefits, alleging disability as of October 1, 2008.

6  *See* Dkt. 7, Administrative Record ("AR") 14. The applications were denied upon initial

7  administrative review and on reconsideration. *See id.* A hearing was held before Administrative

8  Law Judge ("ALJ") Scott R. Morris on September 23, 2013. *See* AR 31-58. In a decision dated

9  January 17, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 14-26. Plaintiff's

10  request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's

11  decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-

12  6; 20 C.F.R. § 404.981, § 416.1481.

13        In Plaintiff's Opening Brief, Plaintiff maintains the ALJ committed harmful error by

14  rejecting the medical opinion of Alyssa Ruddell, Ph.D. Dkt. 9, p. 1.

15                                        STANDARD OF REVIEW

16        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits if the ALJ's findings are based on legal error or not supported by

18  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

19  Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

20                                            DISCUSSION

21  **I.     Whether the ALJ properly weighed the medical opinion evidence from Dr.
             Alyssa Ruddell, Ph.D.**

22

23        Plaintiff contends the ALJ erred in giving little weight to the opinion evidence submitted

24  by examining psychologist Dr. Alyssa Ruddell, Ph.D. Dkt. 9.

1    The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

2   opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

3   1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

4   502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

5   opinion can be rejected "for specific and legitimate reasons that are supported by substantial

6   evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,

7   1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

8   accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

9   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

10   F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

11    Here, the parties agree Dr. Ruddell's opinion is uncontradicted. *See* Dkt. 9, 10. Therefore,

12   the ALJ must provide a clear and convincing reason supported by substantial evidence for

13   rejecting the opinion.

14    A.  Dr. Ruddell's Findings

15    Dr. Ruddell conducted a psychological/psychiatric evaluation of Plaintiff on April 6,

16   2012. AR 226-30. Dr. Ruddell determined Plaintiff was depressed and suffered from alcohol

17   dependence, which was reported to be in remission. AR 226. During the mental status

18   examination ("MSE"), Plaintiff recalled two of three words after five minutes, recognized the

19   recall word when it was presented, recalled two words with an intrusion at the end of the

20   interview, and repeated three digits forward and 3 digits backwards. AR 227. Dr. Ruddell noted

21   Plaintiff's MSE results were abnormal, as "5 digits forward and 3 digits backward are necessary

22   to fall in the normal range." AR 227. Plaintiff could name the president and governor, and knew

23   the states bordering Washington. AR 227.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1    During her examination, Dr. Ruddell found Plaintiff had the following symptoms:

2    affective disturbance of blunt, flat, labile, and anxious; anger, aggressive behavior, irritability,

3    and irascible; anhedonia, loss of interest or pleasure, and depression; anxiety, fear, panic, and

4    obsessive/compulsive symptoms; isolation, avoidance behavior, and withdrawal; memory

5    deficits and impaired concentration; paranoia, delusions, and impaired affect; sleep disturbance;

6    and somatic complaints. AR 226. During the MSE, Dr. Ruddell observed Plaintiff's appearance

7    was appropriate, his attitude and behavior were within normal limits, he demonstrated

8    appropriate eye contact, and was interactive. AR 229. Dr. Ruddell also observed Plaintiff was

9    agitated, depressed, paranoid, anxious, and his affect was blunt/flat. AR 229. She found

10   Plaintiff's insight/judgment and executive functioning were impaired. AR 229.

11   Dr. Ruddell opined Plaintiff had mild difficulties in understanding, remembering, and

12   persisting in simple tasks. AR 228. She found Plaintiff was moderately impaired in his ability to

13   communicate/function with limited public contact, maintain appropriate behavior at work,

14   perform routine tasks without undue supervision, ask questions/request assistance appropriately,

15   make decisions, set goals and plan independently, understand, remember and persist in complex

16   tasks, and be aware of hazards and take appropriate actions. AR 228. Dr. Ruddell also opined

17   Plaintiff was markedly to severely impaired in his ability to communicate/function in a public

18   setting, attend work without interruptions due to psychological symptoms, learn new tasks,

19   maintain a schedule, and adapt to changes. AR 228. Dr. Ruddell stated Plaintiff's ability "to

20   adapt to novel situations and emotionally cope with change appears to limit [his] ability to

21   communicate and function." AR 228. Dr. Ruddell found Plaintiff's attention to detail appeared

22   adequate. AR 228.

23

24

B.  ALJ's Findings

After discussing Dr. Ruddell's examination and opinion in detail, the ALJ found:

> Dr. Ruddell's identification of symptoms, opinion, and GAF score are not fully consistent, however, with objective observations during the evaluation. For example, during mental status testing, Dr. Ruddell indicated that the claimant appeared "Appropriate" and that his attitude and behavior were "Within Normal Limits." Dr. Ruddell also indicated that the claimant demonstrated appropriate eye contact that was interactive. [1] These observations are not fully consistent with Dr. Ruddell's earlier reporting of symptomology that she indicated she observed, including anger, irritability, panic, fear, avoidance behavior, and anxiety. [2] There is also no indication that the (sic) Dr. Ruddell reviewed relevant routine progress records. Due to the inconsistencies in Dr. Ruddell's evaluation, I give this opinion little weight.

AR 22 (internal citations omitted) (numbering added).[1]

This case largely revolves around Plaintiff's symptoms identified by Dr. Ruddell at the beginning of her examination and symptoms observed by Dr. Ruddell during the MSE. The parties refer to these findings as symptoms, observations, and conditions. For clarity, the Court will refer to symptoms identified by Dr. Ruddell at the beginning of her examination as "symptoms" and objective observations made by Dr. Ruddell during the MSE as "observations," which the Court finds is consistent with the ALJ's decision.

First, the ALJ gave little weight to Dr. Ruddell's opinion because her identification of Plaintiff's symptoms was not fully consistent with her observations during the MSE. AR 22. Specifically, the ALJ found Plaintiff's appearance, attitude, behavior, and eye contact were inconsistent with symptoms of anger, irritability, panic, fear, avoidance behavior, and anxiety. AR 22. An ALJ may give less weight to a physician's opinion if the physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*, 427 F.3d at 1216; *see*

---

[1] Plaintiff does not contend the ALJ erred in his decision to give little weight to the opined Global Assessment of Functioning ("GAF") score.

1   *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding the ALJ's rejection of a

2   treating doctor's opinion because it was internally inconsistent). The ALJ, however, failed to

3   adequately explain why Dr. Ruddell's observations were inconsistent with Plaintiff's symptoms.

4   *See* AR 22. For instance, the ALJ did not explain how Plaintiff's appearance and eye contact

5   were inconsistent with his symptoms of anger and irritability. AR 22. He did not explain how

6   Plaintiff's attitude and behavior contradicted Plaintiff's symptoms of panic, fear and anxiety. AR

7   22. Without adequate an explanation to support the alleged inconsistencies, the Court cannot

8   determine if the ALJ's finding provides a clear and convincing reason supported by substantial

9   evidence to discredit Dr. Ruddell's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7 th Cir.

10   2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to [his]

11   conclusions so that we may afford the claimant meaningful review of the SSA's ultimate

12   findings.").

13       Indeed, the observations Dr. Ruddell made during the MSE actually align with the

14   symptoms she identified. *See* AR 226, 229. For example, Dr. Ruddell found Plaintiff's symptoms

15   included anxiety, fear, panic, and avoidance behavior and, during the MSE, Dr. Ruddell

16   observed Plaintiff was anxious, paranoid, and depressed. AR 226, 229. Dr. Ruddell also noted

17   symptoms of anger and irritability and observed Plaintiff was agitated during the MSE. AR 226,

18   229. These findings are internally consistent.

19       The ALJ also discussed only four of the nine observations noted during the MSE. AR 22.

20   He identified the "normal" observations, rather than discussing all the observations. *See* AR 22.

21   He failed to discuss Dr. Ruddell's observations that Plaintiff was agitated, depressed, paranoid,

22   anxious, and his affect was blunt/flat. *See* AR 22, 229. As a result, the ALJ failed to discuss

23   significant, probative evidence when discrediting Dr. Ruddell's opinion and engaged in a

24

1    selective analysis of the record, which is improper. *See Flores v. Shalala*, 49 F.3d 562, 570-71

2    (9th Cir. 1995) (the Commissioner "may not reject 'significant probative evidence' without

3    explanation"); *Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) ("the ALJ improperly

4    cherry-picked some of [the doctor's] characterizations of [claimant's] rapport and demeanor

5    instead of considering these factors in the context of [the doctor's] diagnoses and observations of

6    impairment") (citations omitted); *see also Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011)

7    ("by cherry-picking Dr. Mahmood's file to locate a single treatment note that purportedly

8    undermines her overall assessment of [claimant's] functional limitations, the ALJ demonstrated a

9    fundamental, but regrettably all-too-common, misunderstanding of mental illness") (collecting

10   cases) (citations omitted).

11        In summation, the ALJ failed to adequately explain how Dr. Ruddell's findings were

12   inconsistent with Plaintiff's symptomology and a review of the record shows Dr. Ruddell's

13   identification of Plaintiff's symptoms align with the observations made during the MSE. Further,

14   the ALJ failed to discuss significant, probative evidence contained in Dr. Ruddell's opinion and,

15   instead, based his decision to reject Dr. Ruddell's opinion on only a portion of her findings.

16   Accordingly, the alleged inconsistency between the symptoms and the observations is not a clear

17   and convincing reason supported by substantial evidence for giving little weight to Dr. Ruddell's

18   opinion.

19        Second, the ALJ gave little weight to Dr. Ruddell's opinion because there is no indication

20   Dr. Ruddell reviewed relevant routine progress records. AR 22. Plaintiff asserts there were no

21   relevant routine progress records in existence for Dr. Ruddell to review. Dkt. 9, pp. 7-8.

22   Defendant does not contradict this statement, nor does the record contain progress records dated

23   prior to Dr. Ruddell's examination. *See* Dkt. 10, AR 219-591. As there were no records

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1  available, Dr. Ruddell's failure to review progress records is not a proper reason for discrediting

2  her opinion.

3     Additionally, the ALJ fails to explain why the fact there is "no indication" Dr. Ruddell

4  reviewed relevant routine progress records discredits her opinion. *See* AR 22. Dr. Ruddell

5  interviewed Plaintiff and conducted an MSE. AR 226-30. She documented the results of the

6  MSE, her observations, and Plaintiff's medical history and subjective complaints. AR 226-29.

7  There is no requirement Dr. Ruddell review progress records in addition to her examination.

8  Therefore, the ALJ finding there is "no indication" Dr. Ruddell reviewed relevant routine

9  progress notes is not a clear and convincing reason supported by substantial evidence for giving

10  little weight to the opinion.

11     C.  Defendant's Arguments

12     Defendant also seeks to have the ALJ Decision giving  little weight to Dr. Ruddell's

13  opinion affirmed because (1) the ALJ found there was a lack of evidence to support a number of

14  the noted symptoms and (2) the symptoms were belied by Plaintiff's social networking and

15  functioning. Dkt. 10, p. 3-4.

16     The Court does not find Defendant's arguments persuasive. A review of the ALJ's

17  decision shows the ALJ discussed Dr. Ruddell's report, including her symptom identification and

18  observations, the MSE results, and Plaintiff's reported activities. AR 21-22. In his decision, the

19  ALJ referenced several possible inconsistencies within Dr. Ruddell's opinion, including the two

20  reasons identified by Defendant. *See* AR 21-22. However, the ALJ did not invoke any of these

21  perceived inconsistencies to support his decision to give little weight to Dr. Ruddell's opinion.

22  *See* AR 22. Further, he failed to draw the necessary connections to explain how these findings

23  show Dr. Ruddell's opinion was internally inconsistent. *See* AR 21-22. As the ALJ discredited

24

1   Dr. Ruddell for only the reasons discussed above, the Court cannot affirm the ALJ's decision

2   based on any additional grounds perceived by Defendant. *See Orn v. Astrue*, 495 F.3d 625, 630

3   (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination

4   and may not affirm the ALJ on a ground upon which he did not rely.").

5       However, even if the ALJ intended to discredit Dr. Ruddell because of a lack of evidence

6   supporting a number of the noted symptoms and the symptoms were belied by Plaintiff's

7   activities of daily living, the Court finds these two reasons  do not support giving little weight to

8   Dr. Ruddell's opinion.

9       First, Defendant argues the ALJ gave little weight to Dr. Ruddell's opinion because the

10  ALJ found there was a lack of evidence supporting a number of the noted symptoms. Dkt. 10, p.

11  4. The ALJ stated "[d]espite the lack of evidence regarding many of the following symptoms, Dr.

12  Ruddell indicated that she observed symptoms of mood disturbance, anger, aggressive behavior,

13  irritability, anhedonia, depression, anxiety, fear panic, obsessive/compulsive symptoms,

14  isolation, avoidance behavior, withdrawal, memory deficits, impaired concentration, paranoia,

15  delusions, impaired affect, sleep disturbance, and somatic complaints." AR 21.

16      As the Ninth Circuit has stated:

17          To say that medical opinions are not supported by sufficient
            objective findings or are contrary to the preponderant conclusions
18          mandated by the objective findings does not achieve the level of
            specificity our prior cases have required, even when the objective
19          factors are listed seriatim.  The ALJ must do more than offer his
            conclusions. He must set forth his own interpretations and explain
20          why they, rather than the doctors', are correct.

21  *Embrey*, 849 F.2d at 421-22 (internal footnote omitted). The ALJ failed to specify what evidence

22  conflicts with the symptoms observed by Dr. Ruddell. The ALJ provided only a conclusory

23  statement finding there was a lack of evidence supporting the noted symptoms, which is

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

insufficient to reject Dr. Ruddell's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Second, Defendant asserts the ALJ gave little weight to Dr. Ruddell's opinion because the symptoms noted were belied by Plaintiff's social networking and functioning. Dkt. 10, p. 4. The ALJ found

> [d]espite the litany of observed symptoms reported by Dr. Ruddell, the claimant told her that he asked his family if he could do tasks around the house to help. The claimant reported that he was able to shop for groceries, cook with recipes, and spend time with family and friends. The claimant also reported that he had helped his brother clean out the garage that week.

AR 21. The evidence shows Plaintiff reported he is living in his mother's garage and is close to some family members. AR 227. On a daily basis, Plaintiff plays cards and watches television, if it is available. AR 227. He tries to occupy his time by helping his family, and he helped his brother clean the garage. AR 227. For lunch, Plaintiff has a sandwich or "whatever there is to eat" and for dinner Plaintiff reports eating "whatever is fixed." AR 227. Plaintiff states he cooks and uses some recipes, goes grocery shopping, and spends his evenings watching television. AR 227. Plaintiff spends time with family and friends, but does not participate in organized social activities. AR 227.

The ALJ does not explain how these activities of daily living contradict the symptoms found by Dr. Ruddell. Further, a claimant need not be "utterly incapacitated" to be eligible for disability benefits. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The Ninth Circuit has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. As the ALJ has not explained how

1    Plaintiff's limited activities of daily living contradict the symptoms observed by Dr. Ruddell and

2    as Plaintiff should not be penalized for attempting to live a normal life, the ALJ failed to provide

3    a clear and convincing reason to support finding the symptoms noted by Dr. Ruddell are

4    contradicted by Plaintiff's activities of daily living.

5          For the foregoing reasons, the Court concludes the ALJ failed to provide a clear and

6    convincing reason supported by substantial evidence for giving little weight to Dr. Ruddell's

7    opinion. Therefore, the ALJ erred.

8          "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

9    F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

10   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

11   *Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674

12   F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific

13   application of judgment" by the reviewing court, based on an examination of the record made

14   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at

15   1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

16         Here, in regard to Plaintiff's mental limitations, the residual functional capacity ("RFC")

17   restricted Plaintiff to occasional interaction with the public and simple, routine tasks in an

18   environment with only occasional changes in the work setting. AR 19. Had the ALJ properly

19   considered the opinion of Dr. Ruddell, he may have included additional limitations in the RFC

20   and in the hypothetical questions posed to the vocational expert, Jerie Longacre. For example,

21   Dr. Ruddell opined Plaintiff was severely limited in his ability to communicate/function in a

22   public setting, learn new tasks, attend work without interruptions, adapt to change, and maintain

23   a schedule. AR 228. If Dr. Ruddell's opinion had been given great weight, the RFC may have

24

1    included greater limitations regarding Plaintiff's ability to function in public, adapt to changes in

2    the workplace, work without supervision, and attend work and stay on task on a consistent basis.

3    As the ultimate disability determination may have changed, the ALJ's error is not harmless.

4                                                    CONCLUSION

5         Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

6    Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

7    this matter is remanded for further administrative proceedings in accordance with the findings

8    contained herein.

9         Dated this 28th day of January, 2016.

10

11

12                                              David W. Christel
                                                United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 12